T.C. Summary Opinion 2009-10

UNITED STATES TAX COURT

DAVID M. REDMOND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20004-07S.                    Filed January 12, 2009.

David M. Redmond, pro se.

<u>Chong S. Hong</u> and <u>James A. Whitten</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

Respondent filed a motion to dismiss this collection case on the ground of mootness, and petitioner objected. Respondent advised that all of the tax liabilities had been satisfied by various offsets and abatements. Petitioner objects on the ground that he has not had the opportunity to address the underlying merits of the tax, and he believes that he could show entitlement to deductions that would reduce his tax liabilities. A hearing on respondent's motion to dismiss on ground of mootness was held in Fresno, California, on October 27, 2008.

## Background

Petitioner's journey began with his attempt to file Federal income tax returns showing zero tax and posing various reasons that respondent found frivolous so that the returns were rejected. An example of one of the reasons petitioner advanced for not reporting income is that only foreign income is taxable. On some of the attempted return filings petitioner intentionally did not place an identification number (Social Security or other identifying number), and he contended that he was not required to do so because he was a U.S. citizen. For each of the tax years 2001 through 2004 respondent sent petitioner a letter advising that his returns were being rejected, and petitioner persisted in his position that the amounts he received (the amounts were approximately $64,000 to $69,000 annually) were not taxable.

In each instance respondent prepared a so-called substitute for return for petitioner under section 6020(b) reflecting the

income that third-party payors had reported to respondent. Each time respondent prepared a substitute for return, respondent mailed to petitioner a notice of deficiency setting forth the amount of income and tax, and petitioner, in each instance, received the notice of deficiency but failed to petition this Court. Because of petitioner's failures to petition the Court, respondent was able to assess the deficiencies. Subsequently, petitioner had some contact with respondent's audit examiners, and he attempted to convince them that his taxes should be abated by some amount. Respondent's tax examiners did not consider petitioner's proffer sufficient.

Thereafter, respondent advised petitioner of intended collection activity for 2002 and 2003 income taxes and 2001 through 2004 penalties by means of a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, issued December 18, 2006. Likewise on December 26, 2006, respondent notified petitioner of the filing of a notice of Federal tax lien by means of a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, covering 2001 through 2003 income tax and penalties for 2001 through 2004. Petitioner sought and was granted a hearing by respondent's settlement officer. On July 2, 2007, petitioner submitted Forms 1040X, Amended U.S. Individual Income Tax Return, for the years 2001 through 2004 showing his income, deductions, exemptions, credits, etc. The settlement officer advised petitioner that only the

2004 tax year was open for purposes of a refund or offset. With respect to the remaining 3 years, the periods for claiming a refund had expired.

Petitioner contended that it was respondent's delays that caused the periods for refund to expire and that he should receive overpayments for the 2001, 2002, and 2003 tax years. In the final determination, the settlement officer advised that the notices of lien would not be released and that collection activity would go forward. Petitioner was also advised that he was not entitled to contest the underlying merits of the tax liabilities because he already had that opportunity when he received notices of deficiency, which he chose not to pursue. Petitioner sought relief from respondent's final determination by filing a petition with this Court.

## Discussion

After the filing of petitioner's petition, respondent collected the taxes and penalties that were the subject of the notice of lien filings and notice of intention to collect. Accordingly, respondent seeks dismissal of this proceeding on the ground of mootness. Petitioner contends that he should be entitled to present the merits of his "Amended Returns" and to obtain relief in the form of overpayments or refunds of tax collected. Petitioner also claims that it was respondent who caused the delay that resulted in petitioner's being unable to obtain refunds for the years 2001, 2002, and 2003.

The collection of the liabilities that are the subject of this proceeding and respondent's release of the lien obviates the need to decide whether respondent can proceed with collection and/or the need to address the lien filing.  See Greene-Thapedi v. Commissioner, 126 T.C. 1, 8 (2006).

In any event, petitioner would not be entitled to contest the underlying merits of the tax liabilities for 2001 through 2004.  See sec. 6330(c)(2)(B).  Petitioner failed to timely file meaningful returns and made arguments without merit, rather than presenting substantiation for deductions, exemptions, or credits to which he may have been entitled.  He played a cat-and-mouse game with respondent, and the time periods for claiming any credits, overpayments, or offsets expired while he played.

It may be that petitioner could have shown entitlement to additional deductions and/or an overpayment, but he chose not to pursue respondent's determinations of the underlying deficiencies when he was confronted with the notices of deficiency.

Accordingly, and in conformity with the Court's pronouncement at the hearing,

An appropriate order of dismissal will be entered.